UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

R.D. JONES, STOP EXPERTS, INC. and
RRFB GLOBAL, INC.,

    Plaintiffs,

v.                                                                             Case No: 8:16-cv-1588-T-27AEP

J.S. FOSTER CORP.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and for Leave to Take Jurisdictional Discovery (Dkt. 35) and Defendant's response (Dkt. 39). Upon consideration, the Motion for Leave to Take Jurisdictional Discovery is GRANTED to the limited extent stated herein.

    Plaintiffs allege that:

This Court has personal jurisdiction over the Defendants pursuant to §§48.193(1) and/or 48.193(2), Fla. Stat. in that:

    a.    Defendants continuously and systematically engaged in business in the state of Florida;

    b.    Defendants, through their sales and installation and servicing of their infringing Rectangular Rapid Flashing Beacon ("RRFB") systems, engaged in substantial and not isolated activities within the State of Florida;

    c.    Defendants advertised their products for sale in state of Florida;

1

    d.    Defendants sold their products to Florida customers and governmental agencies;

    e.    Defendants engaged in a general course of business activity in the state of Florida for their own pecuniary benefit; and

    f.    TCS is registered to do business in the state of Florida.

(Dkt. 1 ¶ 8). These mostly vague allegations group together both Defendants. And Plaintiffs voluntarily dismissed Transportation Control System, Inc. on August 4, 2016. However, Plaintiffs also allege that "Defendant JSF, which operates as a division of J.S FOSTER CORP., does business within the state of Florida including, without limitation, in Tampa, Hillsborough County, Florida through its authorized agent TCS within this judicial district and division," (*Id.* ¶ 6), and that "Beginning on or after December 20, 2011, Defendants JSF and TCS infringed at least one claim of the '087 Patent by offering to sell, making and selling RRFB products to one or more entities and/or governmental entities within the State of Florida," (*Id.* ¶ 43). JSF has moved to dismiss for lack of personal jurisdiction, submitting the Declaration of Jack Foster in support. (Dkt. 33). Foster avers the following is true:

- JSF has never sold, made, or offered to sell RRFB products in Florida.

- JSF has never advertised its products for sale in Florida.

- JSF has never sold components for RRFBs in Florida.

- JSF is not an "approved vendor" of traffic control devices in Florida and has not sold any traffic control devices in Florida.

- A potential customer cannot purchase a JSF beacon or other product via the internet.

- JSF has had no employees or sale representatives in Florida.

- JSF has had no bank accounts or other assets in Florida.

- JSF has not recruited any Florida residents, directly or through an intermediary

2

      located in Florida for employment in Florida or elsewhere.

- JSF has had no consulting, support or contractual obligations within Florida.

- JSF has not been registered to do business in Florida.

- JSF has not had an office or agency in Florida.

- JSF has not operated, conducted, engaged in or carried on a business venture in Florida.

- JSF's only Florida customer is TCS, to whom it has never sold a RRFB.

- From JSF's understanding and what has been told to JSF, the components from JSF are used by TCS to build its own beacons, which are sold under TCS's name.

- TCS is not a dealer or authorized agent of JSF.

- Regarding JSF's transactions with TCS, JSF has sold components for 24-hour warning sign beacons to TCF.

- Use of JSF 24-hour beacon components in their intended fashion do not create an RRFB.

Plaintiffs, appearing to acknowledge the insufficiency of their present showing, request that they be permitted jurisdictional discovery prior to resolution of Defendant's motion to dismiss and offer only the following vague assertion in support of that request: "The complaint addresses JSF's distributor in Florida which JSF characterizes as something was incorrect on their website. Plaintiffs submit that they should be entitled to explore this further along with other evidence relevant to jurisdiction." (Dkt. 35 at 2).

"'A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th

Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). When the defendant challenges personal jurisdiction by submitting affidavit evidence, it becomes the plaintiff's burden to produce evidence supporting jurisdiction. *Id.*

To this end, "federal courts should order limited jurisdictional discovery where the information the plaintiff seeks, if it exists, would give rise to jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014). And where resolution of a motion to dismiss for lack of personal jurisdiction turns on findings of fact, limited discovery may be necessary. *Id.* Along these lines, when "the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained. A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (citations and quotations omitted).

Although the allegations in Plaintiffs' Complaint are sparse, and the argument in their Motion is wanting, at least two of the allegations in the Complaint raise the possibility of a factual dispute regarding JSF's activities in Florida, ¶¶ 6 and 43. The allegations that TCS is an authorized agent of JSF and that JSF offers to sell, and makes and sells the RRFB products within the State of Florida contradict Foster's Declaration. Plaintiffs will therefore be permitted to conduct jurisdictional discovery limited to the allegations that TCS is a distributor, dealer, and/or agent of JSF and that JSF sells RFBB products within the State of Florida. They are not permitted to conduct a "fishing

4

expedition" of "other evidence relevant to jurisdiction."[1]

Accordingly, Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and for Leave to Take Jurisdictional Discovery (Dkt. 35) is **GRANTED** to the limited extent stated herein. The deadline for jurisdictional discovery is **January 16, 2017.**

**DONE AND ORDERED** this __1st__ day of December, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

---

[1] Indeed, Plaintiffs served a Request for Production in Aid of Jurisdiction, the day after the case was stayed and prior to a ruling on their motion for jurisdictional discovery, seeking broad categories of discovery well beyond JSF's dealings in Florida. (*See* Dkt. 39-1).