UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

R.D. JONES, STOP EXPERTS, INC.,
and RRFB GLOBAL, INC.,

    Plaintiffs,

v.

Case No. 8:16-cv-1588-T-27AEP

J.S. FOSTER CORP.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant J.S. Foster Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 33), Plaintiffs' response in opposition (Dkt. 45), and Defendant's reply (Dkt. 49). Upon consideration, the motion to dismiss is granted.

### BACKGROUND

Plaintiffs R.D. Jones, Stop Experts, Inc. and RRFB Global, Inc. ("Plaintiffs") allege that Defendant J.S. Foster Corp. d/b/a JSF Technologies ("JSF") infringed two patents relating to a traffic control device known as a rapid rectangular flashing beacon or "RRFB." (Dkt. 1 at ¶ 1) An RRFB uses flashing light patterns to improve driver compliance at pedestrian crossings. (*Id.* at ¶ 20) According to Plaintiffs, JSF's devices use Plaintiffs' patented flash patterns. (*Id.* at ¶¶ 45-48) Although Plaintiffs originally sued a second defendant, Transportation Control Systems Inc. ("TCS"), Plaintiffs dismissed those claims without prejudice on August 4, 2016. (Dkt. 24)

Relevant to the jurisdictional inquiry, JSF is a Canadian corporation with its principal place of business in Saanichton, British Columbia. (Dkt. 1 at ¶ 4) JSF manufactures several different types of traffic control beacon systems and components, including RRFBs. (Dkt. 33-1 at ¶ 3) JSF

has one Florida customer—former defendant TCS—but JSF did not sell RRFBs to TCS. (*Id.* at ¶ 21). JSF instead sold parts for 24-hour warning sign beacons. (*Id.*) As detailed below, JSF has no other corporate presence in Florida, and JSF's relevant contact with the state is limited to exhibiting an RRFB at one trade show in Orlando.

## STANDARD

A motion to dismiss for lack of personal jurisdiction is governed by a two-part analysis. First, a court determines whether the plaintiff has alleged facts sufficient to subject the defendant to the applicable long-arm statute. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Second, the court examines whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Fourteenth Amendment's due process clause. *Id.* In patent infringement actions, the law of the Federal Circuit governs the due process inquiry. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006).

The plaintiff bears the initial burden of establishing a *prima facie* case of personal jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Id.* at 1269 (internal quotation marks omitted). If the defendant submits affidavits to the contrary, the burden "shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.* If the evidence conflicts, "the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

## DISCUSSION

### 1. Florida long-arm statute

Plaintiffs argue that personal jurisdiction exists under Section 48.193(1)(a)(2) of Florida's long-arm statute, which applies if a cause of action arises from the commission of a tortious act in Florida. Patent infringement constitutes a tort within the meaning of the statute. *Kemin Foods, L.C. v. Omniactive Health Techs., Inc.*, 654 F. Supp. 2d 1328, 1333 (M.D. Fla. 2009). And pursuant to 35 U.S.C. § 271(a), patent infringement occurs when a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States."

Plaintiffs contend that JSF committed patent infringement by "offering to sell" its RRFBs in Florida. (Dkt. 45 at 9) Plaintiffs point to invoices documenting that JSF paid to advertise its RRFB system in a trade journal for the International Municipal Signal Association ("IMSA"), which has a circulation of over 10,000, primarily across the United States and Canada. (Dkt. 46-2 at 22-27; Dkt. 46 at ¶ 6) Attached to the invoices is JSF's full-page advertisement, which is titled "An RRFB crosswalk system worth looking into." (Dkt. 46-2 at 27) Under the title is a large picture of an RRFB with arrows identifying its main features. The bottom of the page states: "See more of our solar products online!" followed by JSF's website and phone number. (*Id.*)

Plaintiffs also submit a brochure from the IMSA's 2012 Education and Technology Expo Annual Conference, which was held in Orlando, Florida from July 28, 2012 to July 31, 2012. (Dkt. 46-1) On page 24, the brochure lists "JSF Technologies" as an exhibitor. (Dkt. 46-1 at 25) Plaintiffs provide a photograph of JSF's booth at the conference, which depicts two people standing next to an RRFB system. (Dkt. 46-6 at 2) According to Plaintiffs, the photo shows JSF "proudly displaying and promoting for sale its RRFB product." (Dkt. 46 at ¶ 8)

3

JSF persuasively argues that the foregoing evidence does not demonstrate an "offer to sell" within the meaning of 35 U.S.C. § 271(a). The Federal Circuit instructs that an offer to sell is interpreted in accordance with traditional contract principles. *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254-55 (Fed. Cir. 2000). Thus, an offer to sell requires the defendant's "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id.*. at 1257 (quoting Restatement (Second) of Contracts § 24 (1979)). "[M]ere advertising and promoting of a product may be nothing more than an invitation for offers." *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1048 (Fed. Cir. 2001).

Courts consistently hold that merely exhibiting at a trade show is not an offer to sell, absent some evidence that the defendant negotiated sales or otherwise provided concrete terms. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005); *Mitchell Ellis Prod., Inc. v. Agrinomix, Inc.*, No. CV 15-00579, 2016 WL 894230, at *3 (S.D. Ala. Mar. 7, 2016); *Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 969 (N.D. Ill. 2015); *Med. Sols., Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130, 134-35 (D. D.C. 2006). Similarly, promotional materials such as a flyer or passive website do not constitute offers to sell unless they contain sufficiently definite terms and are directed to the forum state. *Trintec Indus., Inc.*, 395 F.3d at 1281; *Moldflow Corp. v. Simcon, Inc.*, 296 F. Supp. 2d 34, 41, 44 (D. Mass. 2003); *ESAB Grp., Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 333 (D.S.C. 1999); *cf. 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1379 (Fed. Cir. 1998) (holding that price quotation letters constituted offers to sell when directed to the forum state).

Plaintiffs cite no evidence to suggest that JSF's activities in Florida constituted an "offer to

sell" under traditional contract principles. The full-page advertisement in the IMSA journal contains no definite terms, but merely promotes the RRFB. (*See* Dkt. 46-2 at 27) In addition, there is no indication that the advertisement—placed in an international journal—was directed to Florida. And while JSF exhibited at the conference in Orlando, a photograph of JSF's booth, standing alone, does not demonstrate that JSF manifested its intent to bargain with attendees. (*See* Dkt. 46-6 at 2) Accordingly, Plaintiffs fail to demonstrate jurisdiction under the Florida long-arm statute.

## 2. Due process

Even if JSF were subject to jurisdiction under Florida's long-arm statute, the exercise of personal jurisdiction would not comport with due process. In order to satisfy due process, a defendant must "purposefully direct" its activities to the forum state, and the plaintiff's claims must arise out of, or relate to, those activities. *Breckenridge Pharm., Inc.*, 444 F.3d at 1361-62 (internal quotation marks omitted). If the plaintiff makes the requisite showing, the burden of proof shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 1362.

According to JSF's president, JSF has only one Florida customer—former co-defendant TCS—but JSF has never sold RRFBs to TCS. (Dkt. 33-1 at ¶ 19) Instead, JSF sells parts for a 24-hour warning beacon, which is not an RRFB. (*Id.* at ¶ 21) In addition, JSF has never advertised its RRFB products for sale in Florida or engaged in other solicitation or service activities in Florida. (*Id.* at ¶ 9) JSF's website is not interactive and a potential client cannot purchase an RRFB over the internet. (*Id.* at ¶ 8) JSF is not an "approved vendor" of traffic control devices in Florida. (*Id.* at ¶ 11) JSF has no employees, sales representatives, bank accounts, or assets in Florida. (*Id.* at ¶¶ 12-13)

5

Plaintiffs do not dispute the foregoing facts. Instead, Plaintiffs argue that JSF purposefully directed its activities to Florida residents by exhibiting the RRFB at the IMSA conference in Orlando and by advertising the RRFB in the IMSA journal. In support of that argument, Plaintiffs rely heavily on *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, in which the Federal Circuit held that a Brazilian company purposefully directed its activities to parties in the United States by displaying its allegedly infringing devices at a trade show in the United States. 563 F.3d 1285, 1297-98 (Fed. Cir. 2009).

However, as JSF points out, *Synthes* involved a jurisdictional analysis under the federal long-arm statute, Fed. R. Civ. P. 4(k)(2), which Plaintiffs do not invoke in this case. The federal long-arm statute examines a defendant's contacts with the United States as a whole, rather than with a particular state. *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1416 (Fed. Cir. 2009). More notably, the defendant in *Synthes* engaged in additional deliberate contact with the United States, including attendance at nine separate trade shows, the purchase of parts, products, and machinery from the United States, and meetings with two U.S. companies. *Synthes*, 563 F.3d at 1290.

In this case, JSF's RRFB-related activities in Florida are limited to exhibiting the RRFB at one trade show. Although "a single act can support jurisdiction," that act must create "a substantial connection with the forum, as opposed to an attenuated affiliation." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (internal quotation marks omitted). Absent some additional evidence, attendance at a trade show does not supply the requisite substantial connection. *Indag GmbH & Co.*, 150 F. Supp. 3d at 965; *Gro Master, Inc. v. Farmweld, Inc.*, 920 F. Supp. 2d 974, 982 (N.D. Iowa 2013). Further, it is well-established that JSF's advertising in an international journal is not sufficient to show purposeful availment in Florida. *Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012).

Because Plaintiffs fail to establish the requisite "minimum contacts" under the first two prongs of the due process inquiry, the third factor of the Federal Circuit's test is not addressed. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015). Based on the foregoing, it is **ORDERED** that:

(1) Defendant J.S. Foster Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 33) is **GRANTED**. The claims against Defendant J.S. Foster Corp. are dismissed without prejudice.

(2) The clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** this __1st__ day of June, 2017.

> **JAMES D. WHITTEMORE**
> **United States District Judge**

Copies to:
Counsel of Record